## UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>MEMORANDUM</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

April 10, 2007

Appearances:

*Plaintiff*
Arthur Glover
200 Linden Ave.
Irvington, NJ 07111
*Pro Se*

*Attorney for Defendant*
Stephen E. Siegrist
Murphy & O'Conor, LLP
Commerce Center
1810 Chapel Avenue West
Suite 130
Cherry Hill, NJ 09002

Re:   <u>Glover v. Grady</u>
       No. 03-0064  (WHW)
       Defendant's Motion to Dismiss for Failure to Comply with Discovery

Dear Litigants:

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint for failure to comply with discovery obligations. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. The motion to dismiss is denied, with leave to

renew if appropriate.

## FACTS AND PROCEDURAL HISTORY

On April 4, 2003, Reverend Arthur Glover filed this prisoner civil rights action against Defendants, alleging, inter alia, denial of medical care in violation of his Eight Amendment right against cruel and unusual punishment. On April 11, 2003, this Court granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On July 22, 2003, Magistrate Wigenton granted Plaintiff's motion for pro bono counsel. On September 4, 2003, Judge Wigenton issued an Order staying discovery pending the naming of an attorney to represent Plaintiff. However, several attorneys contacted by the Clerk declined to represent Plaintiff. Plaintiff's May 15, 2006 correspondence to the Court also indicated that he had been unsuccessful in retaining counsel. Accordingly, on December 26, 2006 Magistrate Hedges issued an Order vacating the Order appointing counsel and advising Plaintiff that he must now represent himself. On the same date, Judge Hedges also issued a Scheduling Order which stated that all discovery was due by March 26, 2007. These Orders were mailed to Plaintiff at the address on file with the Clerk's Office, at the Bergen County Jail. However the Orders were returned to the Clerk as undeliverable because Plaintiff was no longer there. To date, Plaintiff has not advised the Court of his present address.

On December 28, 2006, Defendant's counsel sent a letter to Plaintiff asking that he answer Form A(1) Interrogatories and Supplemental Interrogatories. Defendant also sent a Notice to Produce within 30 days. On January 2, 2007, Defendant's counsel wrote Plaintiff a letter advising him that his deposition was scheduled for February 27, 2007 at the Courthouse. On January 27, 2007, Defendant's counsel wrote Plaintiff advising him that his discovery requests were overdue and advising Plaintiff that if he did not receive a response by February 9,

2007, Defendant reserved the right to file a motion to have the Complaint dismissed or for other appropriate remedies under Fed. R. Civ. P. 37.

On February 15, 2007, Defendant filed the present motion to dismiss the Complaint for failure to comply with discovery obligations. Plaintiff has not responded.

.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b) and (d) governs situations in which a party fails to cooperate in discovery and fails to obey court orders. Rule 37(b)(2)(c) provides that if a party fails to obey an order to provide or permit discovery, the court may impose sanctions, including a dismissal of the case. Similarly, Rule 37(d) allows the Court to impose sanctions, upon motion, where a party has failed to attend his own deposition or serve answers to interrogatories. Dismissal is an extreme sanction which is reserved for instances in which it is justly warranted. Poulis, 747 F.2d 863, 870 (3d Cir. 1984). In determining whether to impose a punitive sanction of dismissal, a district court must apply the factors enumerated in Poulis v. State Farm Fire and Casualty Co.:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history or dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868; see also James Industries, Inc. v. Lexar Corp., No. 01-3697 2003 WL 1477785, *3 (3d Cir. 2003) (applying Poulis factors to a Rule 37 motion to dismiss). It is not necessary that all of the Poulis factors weigh against the non-moving party in order to justify dismissal of a claim. Sunday v. United States, No. 89-8374, 1992 WL 221322, *2 (E.D.

3

Pa. 1992).

## DISCUSSION

In assessing whether Plaintiffs' conduct warrants the sanction of dismissal, the Court carefully weighs the Poulis factors. First, it appears that the party is personally responsible for the delays. Plaintiff is pro se so he cannot claim that his failure to comply with discovery resulted from the inaction of his attorneys. See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992). The Court recognizes that it is likely that Plaintiff did not have notice of Judge Hedges' Order vacating the stay of discovery or the Scheduling Order since the orders were returned the Court as undeliverable. Similarly, it is likely that he did not receive the correspondence from Defendant. The letters regarding discovery were to sent to Plaintiff at 56 Catalpa Avenue, Hackensack, NJ 07601. Although this was not the address on file at the Court, and although Plaintiff never formally changed his address with the Court, Plaintiff's most recent correspondence of May 16, 2006 had indicated the above as his address. Thus, it was entirely reasonable for Defendant to presume that the 56 Catalpa Avenue address was the proper address.

In attempting to determine whether or not Plaintiff was on notice of the discovery requests, this Court took it upon itself to call the Bergen County Jail to determine if Plaintiff had left a forwarding address. The Court was informed that when Plaintiff was released on September 26, 2006, he left a forwarding address of: 200 Linden Ave., Irvington, NJ 07111. Since no correspondence has been mailed to this address, it is entirely possible that Plaintiff has no notice of the discovery requests.

Although Plaintiff may not have notice, Plaintiff nonetheless bears some fault because is the responsibility of the plaintiff to notify both the Clerk and his adversary of his current address. Plaintiff had previously notified the Court of a change in address; in a letter dated April 6, 2004,

he informed the Court that he had been moved to Bergen County Jail.  A plaintiff cannot evade discovery obligations by claiming lack of notice where he has made himself unreachable.

The second and fifth factors favor dismissal.  There is undoubtedly prejudice to the Defendant.  The Defendant cannot be expected to represent himself or comply with Judge Hedge's Scheduling Order when the Plaintiff is uncooperative in providing discovery.  Likewise, the fifth factor, the appropriateness of other sanctions, also favors dismissal.  Since Plaintiff is proceeding in this action in forma pauperus, monetary sanctions are not a viable option.

The third and fourth factors, in contrast, mitigate against dismissal.  To the Court's knowledge, this is the first time that Plaintiff has failed to follow a court order or cooperate with Defendant in discovery.  It is also worth noting that a relatively short period – just under two months –  elapsed between Defendant's first discovery request and his current motion for dismissal.  Likewise, Defendant has presented no evidence of bad faith.  The most probable explanation for Plaintiff's failure to comply with his discovery obligations is that he did not receive Judge Hedges' Orders or the discovery requests since he is no longer at the address on record and may no longer be at the 56 Catulpa, Hackensack address.  There is no evidence that his failure to inform the Clerk of his current address was anything more than an oversight on his part.

Finally, the Court considers the meritoriousness of the claim.  A claim is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff.  Id. at 870.  This Court has already reviewed Plaintiff's claim pursuant to the Prison Litigation Reform Act ("PRLA") and determined that Plaintiff's claims of denial of medical care, if true, are sufficient to pass the screening stage of the PRLA.  Pub. L. No. 104-

5

134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996); see April 11, 2003 Opinion. Accordingly, the Court finds that there is merit to the claim.

After carefully weighing and balancing the Poulis factors, the Court concludes that it is inappropriate to dismiss Plaintiff's complaint at this time. It is simply too heavy a sanction in light of the fact that Plaintiff may not have notice of the Orders or the discovery requests and given that there is no evidence of bad faith or a history of dilatoriness. Instead, the Court will mail this Opinion, copies of Judge Hedges' December 28, 2006 Orders, and copies of Defendant's discovery requests to the 200 Linden Ave., Irvington, NJ 07111 address provided by the Bergen County jail. The Court anticipates that Plaintiff will then be on notice and expects that the parties will be able to conduct discovery amicably. However, the Court grants Defendant leave to renew this motion is appropriate.

## CONCLUSION

It is on this 10th day of April, 2007,

ORDERED that Defendant's motion to dismiss Plaintiff's Complaint for failure to comply with discovery obligations is DENIED, with leave to renew if appropriate.

s/ William H. Walls

**William H. Walls, U.S.D.J.**