UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR GLOVER, REV., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>DR. GRADY, MEDICAL DIRECTOR, :<br>SHERIFF JOEL TRELLA, WARDEN JOHN :<br>DUFFY, COUNTY EXECUTIVE WILLIAM :<br>SCHUBER, BERGEN COUNTY BOARD :<br>OF FREEHOLDERS, UNKNOWN NAMED :<br>BERGEN COUNTY JAIL GUARDS, et al., :<br>:<br>Defendants. :<br>: | **OPINION**<br><br>Civil Action No. 03-0064 (WHW) |

**Walls, Senior District Judge**

Defendant Dr. Grady moves for summary judgment against the remaining Eighth Amendment claim by Plaintiff, Reverend Arthur Glover, pro se, for denial of medical care and deliberate indifference under 42 U.S.C. section 1983. After the Court has given Plaintiff ample time to oppose Defendant's motion for summary judgment, and noting Plaintiff has not opposed that motion after nine months, the Court grants summary judgment in favor of Defendant.

**BACKGROUND**

Plaintiff, Reverend Arthur Glover ("Plaintiff"), filed a pro se Complaint about April 4, 2003[1] and in forma pauperis pursuant to 28 U.S.C. section 1915. On that same day, the Court

---

[1] The Complaint was received on January 8, 2003, but was filed on April 4, 2003.

granted Plaintiff's application to proceed in forma pauperis and reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A. The Court sua sponte concluded that the Complaint should be dismissed in its entirety against Defendants Sheriff Trella, Warden Duffy, County Executive Schuber and the Bergen County Board of Freeholders, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. sections 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the Court permitted the denial of medical care claim to proceed as against the remaining defendants, Dr. Grady and unnamed jail guards. Plaintiff is seeking an unspecified amount of punitive damages from defendants and that proper medical treatment be provided to him. (Compl. ¶ 7.)

With respect to the remaining claim, Plaintiff alleges that the denial of medical care violated his Eighth Amendment right against cruel and unusual punishment pursuant to 42 U.S.C. section 1983. He had been placed in custody at Bergen County Jail. On his arrival, he informed the medical department that the suffered from a "painful, chronic, traumatic, degenerative medical condition in his legs" for which he had been receiving treatment from his personal physician. Allegedly, Plaintiff's physician had provided him with a prescription for his condition, but the medical department staff informed Plaintiff that they could not provide the medication to him in jail. (Compl. ¶ 6.)

Plaintiff's physician also had prescribed Zoloft. The medical staff at Bergen County Jail initially provided Plaintiff with Zoloft, but soon changed his prescription to a different medication without adequate explanation. (Compl. ¶ 6.) Plaintiff also complains that the medical staff and guards are insensitive to his medical condition. Even when it is difficult for

Plaintiff to walk, the guards refuse his request that the nurse bring his medication to his cell; instead, the guards make him walk to get his medication or risk going without it. (Id.)

Plaintiff also contends that he is going blind and the medical staff is effectively denying him treatment by refusing to provide him a wheelchair for outside medical visits. In particular, on September 30, 2002, Plaintiff had asked for a wheelchair to get to the transport area and the outside eye doctor's facility. Plaintiff complained that he felt unsteady with the walker. The wheelchair was denied and the guards made Plaintiff sign a statement that he refused treatment, which he did not. Finally, Plaintiff complains that he is not allowed use of his own eyeglasses because they have a metal frame. Because Plaintiff is unable to afford new glasses, he must use another inmate's glasses which are inadequate for his needs. Plaintiff asserts that his requests to the administrative staff to remedy these problems have gone unanswered.

On April 25, 2003, Plaintiff applied the appointment of pro bono counsel, which this Court granted on July 23, 2003. On September 4, 2003, the Court issued an Order staying discovery pending the naming of an attorney to represent Plaintiff. However, several attorneys contacted by the Clerk declined to represent Plaintiff. In a letter dated May 15, 2006, Plaintiff also advised the Court that he had been unsuccessful in retaining counsel. On December 26, 2006, the Court issued an Order vacating the Order appointing counsel and advising Plaintiff that he must represent himself.

NOT FOR PUBLICATION

## STANDARD OF REVIEW

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the non-moving party.  Pollock v Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).  The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue of material fact exists only if the evidence presented would enable a reasonable jury to return a verdict for the non-movant.  See id. at 248.  Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party.  See id. at 249.

## DISCUSSION

As an initial matter, Plaintiff's response to Defendant's motion for summary judgment was due by January 2, 2008.  See L. Civ. R. 7.1(d)(2).  In a letter dated January 7, 2008, Plaintiff asked the Court for an extension, which the Court granted.  In a lettered Order dated January 14, 2008, the Court granted Plaintiff an extension of until February 13, 2008.  On March 11, 2008, Plaintiff sent a letter to the Clerk of the Court to update his mailing address and asked for more time.  However, to date, Plaintiff has not file a response to Defendant's motion for summary

judgment with the Court. Nevertheless, the Court will not grant the entry of summary judgment without considering the merits of Defendant's unopposed motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (holding that "a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed."). The Court will review all the evidentiary materials Defendant submitted in support of summary judgment.

Plaintiff was a pretrial detainee at the time of his first incarceration at the Bergen County Jail. Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, while convicted prisoners are protected by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16, 545 (1979) (the constitutional rights of the pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment). A pretrial detainee's due process rights should be "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983). The Third Circuit has held that the "deliberate indifference" standard employed in Eighth Amendment cases also applies to pretrial detainees under the Fourteenth Amendment. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991). Accordingly, the Court will address the Plaintiff's denial of medical care claim under the Eighth Amendment standard for deliberate indifference.

The Eighth Amendment to the United States Constitution prohibits a State from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337 (1981). This proscription against cruel and unusual punishment requires that prison officials

provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must satisfy an objective component and a subjective component. He must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

When pleading an Eighth Amendment claim for denial of medical care, it is crucial for a prisoner to show that his medical need was serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). A medical need is serious where it has been diagnosed by a physician as requiring treatment, is "so obvious that a lay person would recognize necessity for doctor's attention," or "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). When evaluating the first or objective element under Estelle, whether a plaintiff's medical need is serious, "a court should consider such factors as the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." Maldonado v. Terhune, 28 F. Supp. 2d 284, 289 (D.N.J. 1998).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a

known risk of harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. <u>Andrews v. Camden County</u>, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. <u>Estelle</u>, 429 U.S. at 105-06.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met . . . . Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." <u>Monmouth County Correctional Institutional Inmates</u>, 834 F.2d at 346 (citations omitted).

Defendant moves for summary judgment on the ground that Plaintiff cannot establish a genuine issue of material fact that Defendant was deliberately indifferent towards Plaintiff's

medical needs. At Plaintiff's August 23, 2007 deposition, Plaintiff testified that he was not really suing Defendant Dr. Grady, but rather the medical staff at the Bergen County Jail for the simple reason that his medications were changed without his knowledge. (Statement of Facts ¶ 10.) To the best of Plaintiff's knowledge, he never met or was treated by Dr. Grady and does not know what Dr. Grady looks like. (Statement of Facts ¶¶ 11, 126.) In fact, Plaintiff was treated by Dr. Chang. (Statement of Facts ¶¶ 125, 126.)

Plaintiff was in the Bergen County Jail on two different occasions, around February 27, 2002 to some time in mid-2003, and around March 29, 2004 to some time in 2005. (Statement of Facts ¶¶ 6, 62, 77.) On both occasions, Plaintiff was treated for various problems by Dr. Chang and by nurses at the Bergen County Jail. Plaintiff had a physical exam for his swollen right leg performed by a doctor on April 3, 2002. (Statement of Facts ¶ 30.) Plaintiff was seen by a doctor on April 30, 2002, July 24, July 26, August 21 and September 17 for neck and leg pain; a walker was ordered. (Statement of Facts ¶¶ 32-35, 56.)

In 2003, Plaintiff was seen by Dr. Chang on January 20, 2003, for falling and striking his head that morning. The assessment was viral syndrome and Plaintiff was treated appropriately. (Statement of Facts ¶ 36.) Plaintiff was seen by Dr. Chang on April 22, 2003 for arthritis in his knee; on May 1, 2003 for shoulder pain related his is motor vehicle accident in 1995; on May 5, 2003 for a cyst above his right nipple; on May 8, 2003 for chest pain, where there was fluid discharge; on May 19 and May 22, 2003 for follow-up examinations; and on June 9, 2003 for tendonitis in his wrist. (Statement of Facts ¶¶ 36-40.) After each examination, where appropriate, Dr. Chang provided antibiotics and pain-killers. (Id.) During that period, Plaintiff

was also treated by nurses. (Statement of Facts ¶¶ 44-47, 53, 55.) Around the middle of 2003, Plaintiff was sent to State Prison.

When Plaintiff returned to the Bergen County Jail on March 9, 2004, Dr. Chang performed several physical examinations of Plaintiff. On April 1, 2004, Plaintiff was examined for right knee pain; April 19 for a medication dispute; May 4 and May 17 for pain in the right leg; June and July for a swollen leg; August 26 for scalp lesion and leg swelling; September 7 for stomach discomfort; October 6 for wrist pain; October 13 for alleged episode of blindness; November 2 for issues with his vision; November 15 for change in antibiotics for scalp pimples; November 29 for an examination with Dr. Shulman, an ophthalmologist; December 18 appointment, which Plaintiff missed; December 21 for scalp issues and antibiotics; and December 30 for leg pains. (Statement of Facts ¶¶ 82, 95-111.)

In 2005, Plaintiff was seen by Dr. Chang on January 11, 2005 for swelling in his right leg; March 10 for a back brace; March 24 for intermittent right leg pain; March 28 and April 5 for cold and sore throat; April 11 for cough; April 14 for prescription of water pill to continue for five more days; April 20 because Plaintiff was not taking his antibiotics for the full course and need to take it for another seven days. (Statement of Facts ¶¶ 113-120.) Plaintiff was sent out for various eye appointments with an optometrists at the Bergen Regional Medical Center Eye Clinic. (Statement of Facts ¶¶ 57-60, 73, 91, 92.) He was given diagnostic tests and prescription drugs for his various ailments. (Doppler Vein Study 6/1/2004, CT scan 10/26/2004, MRI of the brain 1/14/2005, and x-rays on 4/6/2005 and 4/18/2005, Statement of Facts ¶¶ 86-88.)

Based on Defendant's production of Plaintiff's medical records from the Bergen County Jail, there is no evidence to support Plaintiff's claim that he was not treated for his fall, his head,

leg and wrist pains, and his alleged blindness. In fact, Plaintiff was seen by Dr. Chang on January 20, 2003 after he hit his head and on October 13, 2004 for his alleged blindness. (Statement of Facts ¶¶ 36, 104.) The Court finds that there is no evidence upon which a reasonable juror could conclude that Defendant acted with deliberate indifference and denied Plaintiff medical care in violation of his Fourteenth Amendment rights.

## CONCLUSION

Defendant's motion for summary judgment is granted.


August 15, 2008                                               **s/William H. Walls**
                                                                        United States Senior District Judge


Appearances

Reverend Arthur Glover
150 16th Ave.
Paterson, NJ 07522
       Pro Se Plaintiff

Stephen E. Siegrist
O'Connor Kimball LLP
Commerce Center
1810 Chapel Avenue West
Suite 130
Cherry Hill, NJ 08002-4607
       Attorney for Defendant